STATE OF NEBRASKA, EX REL. HERMAN E. PANKONIN ET
AL., V. COUNTY COMMISSIONERS OF CASS COUNTY.

FILED MARCH 8, 1899.　No. 10447.

1. **Streams: BOUNDARIES: BRIDGES: EXPENSE OF REPAIRS: STARE DE-
CISIS.** The adjudication in *Dutton v. State*, 42 Neb. 804, *held* to
determine this case.

2. ——: ——: ——: ——. Ordinarily, where a stream of water
constitutes the boundary line between two political subdivisions,
each subdivision holds to the middle of the stream and accord-
ingly is liable for bridge repairs, as laid down in *Dutton v. State*,
42 Neb. 804, irrespective of the volume of flowage being nearer
one bank than the other.

ERROR from the district court of Cass county. Tried
below before RAMSEY, J. *Affirmed.*

*Allen Beeson* and *J. L. Root,* for plaintiff in error.

*A. J. Graves, contra.*

RYAN, C.

Certain taxpayers of Cass county sought in the dis-
trict court of Cass county by mandamus to compel the
commissioners of said county to repair the north half of
the bridge at Louisville across the Platte river, which
forms the boundary line between Cass and Sarpy coun-
ties. On issues duly joined it was held by the said dis-
trict court that the liability of each of said counties had
been determined and settled in *Dutton v. State*, 42 Neb.
804, and the writ was denied. In this we think the trial
court held correctly, and shall therefore merely refer to
the opinion in the case just cited for a fuller statement
of facts than above given, if a fuller statement is de-
sired.

It is now insisted, however, that the ruling in the
case just cited should be modified because the waters of
the Platte river opposite Louisville flow nearer the north-
ern than the southern bank of said stream. There has

been cited no adjudication in support of this contention, and opposed to it are the following cases: *Dunlieth & Dubuque Bridge Co. v. County of Dubuque*, 55 Ia. 558; *Rowe v. Smith*, 51 Conn. 266; *In re Spier*, 3 N. Y. Supp. 438; *Flynn v. City of Boston*, 26 N. E. Rep. [Mass.] 868. We have been able to find no case holding differently from those above cited, and *Flynn v. City of Boston, supra,* is fortified by a large number of adjudications. We therefore assume that in this case the ordinary rule applies, that where a stream of water constitutes the boundary line between two political subdivisions of a state, each holds to the middle of the channel,—that is, to a line parallel to and midway between the banks,—and accordingly, under the authority of *Dutton v. State, supra,* each is liable for bridge repairs. The judgment of the district court is

AFFIRMED.